# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 13-601V
### (not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
RONDA MORRIS,                      *        Special Master Corcoran
                                   *
               Petitioner,         *        Filed: October 10, 2017
                                   *
       v.                          *        Decision; Attorney's Fees and Costs.
                                   *
                                   *
SECRETARY OF HEALTH AND            *
HUMAN SERVICES,                    *
                                   *
               Respondent.         *
                                   *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Dan Wilson Bolton III*, Bolton Law, Cary, NC, for Petitioner.

*Alexis B. Babcock*, U. S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING ATTORNEY'S FEES AND COSTS [1]

On August 22, 2013, Ronda Morris filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"), alleging that she suffered from internal itching and vitiligo as a result of her October 22, 2010, Hepatitis B vaccine.[2] I scheduled the matter for an entitlement hearing, which took place on January 10, 2017. On May 9, 2017, I issued a Decision denying compensation. *See* Decision, dated May 9, 2017 (ECF No. 69).

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion requesting final attorney's fees and costs, dated September 20, 2017.[3] *See* Motion for Attorney's Fees, dated Sept. 16, 2017 (ECF No. 75) ("Fees App."). Petitioner requests reimbursement of attorney's fees and costs in the total amount of $42,264.87[4] (representing $35,890.00 in attorney's fees, plus $6,374.87 in costs), as well as costs personally incurred by Petitioner in the amount of $3,033.26. *Id.* at Appendix 8-9. Respondent filed a document reacting to the fees request on September 20, 2017, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. ECF No. 76 at 2-3.

Here, Petitioner requests $250 per hour for work performed from 2015 to 2017. Fees App. at Appendix 9. Petitioner also requests rates of $100 per hour for worked performed by paralegals. *Id.* These requested rates are within the appropriate hourly rate ranges established for attorneys with comparable experience to Mr. Dan Bolton, Petitioner's attorney and will therefore be awarded. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).[5] The hours expended on this matter also appear to be reasonable, and Respondent did not identify any entries as objectionable. The only reduction I will apply is $1,500.00; Ms. Morris paid a retainer to Mr. Bolton (and requests it be reimbursed to her), but his billing records do not reflect that his bill was reduced to account for the credit of the retainer.

Petitioner retained Dr. Richard Horan as an expert witness in the case. He testified at the hearing and offered an expert report. He billed for 7.75 hours in total at an hourly rate of $400, for a total of $3,100.00. Although this hourly rate is slightly high, I will award it as requested because it appears that Dr. Horan used his time diligently and did not overwork the matter. Additionally, his opinion was necessary for the resolution of the matter.

---

[3] Petitioner had initially retained Mr. Ronald Homer, Esq. as her counsel in this matter, but filed a motion to substitute Mr. Bolton for Mr. Homer as her attorney on July 29, 2015 (ECF No. 37). Thereafter, Mr. Homer received an interim award of attorney's fees and costs. *See* Decision, dated Nov. 11, 2015 (ECF No. 55).

[4] Appendix 1 of Petitioner's fees application requests a total of $42,184.64 in fees and costs expended by her attorney. Fees App. at Appendix 1. However, this amount appears to be in error, according to the itemized list of expenses filed as Appendix 8 of the fees application. *Id.* at Appendix 8. As the itemized bill can be correctly tabulated for $42,264.87, that is the amount that will be used for this fees and costs award. *Id.*

[5] Petitioner's application for fees and costs, although unopposed, relies upon a proposed hourly rate for counsel (Dan Bolton, Esq.) practicing in Cary, North Carolina. The proposed rate amounts to near the in-forum rates set forth in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Because Respondent does not maintain an objection to the amount of fees and costs sought by Petitioner, and because I find that the total sum requested is reasonable under the circumstances, I do not reach the question of whether Mr. Bolton is entitled to the forum rate under the test established by the Federal Circuit in *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008), and this decision therefore does not constitute such a determination.

The remaining costs expended by Mr. Bolton were incurred as travel expenses, including flights, hotels, and meals, for both himself and Dr. Horan. The total is $3,274.87. Fees App at Appendix 8. I find this amount reasonable given that flights had to be rescheduled due to inclement weather. In addition, cancellation costs were incurred because the hearing lasted one day instead of the two that were initially scheduled. Thus, I will award most of the fees and costs expended by Mr. Bolton for a total amount of $40,764.87 ($42,264.87-$1,500.00).

Finally, I will partially award the costs incurred personally by Petitioner. Ms. Morris requests reimbursement for travels costs, the $1,500.00 retainer paid to Mr. Bolton, and the filing fee. I will award in full the first two categories of costs for a total of $2,633.26. I will not however, award the filing fee as it appears that it was paid by Petitioner's prior counsel. *See* Interim Motion for Attorney's Fees and Costs, dated July 29, 2015 (ECF No. 38), Tab B at 4.

I hereby GRANT Petitioner's motion for attorney's fees and costs. Accordingly, an award of **$40,764.87** should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Dan Bolton, Esq. I also award **$2,633.26** to be paid to Petitioner for the costs she personally incurred in the matter. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[6]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.